WILLIAM HOLLINSHEAD, Garnishee of L. C. Kinney and James Y. Caldwell, Plaintiff in Error *vs.* WILLIAM L. BANNING & Co., Defendants in Error.

ERROR TO THE DISTRICT COURT OF RAMSEY COUNTY.

In a garnishee proceeding the garnishee suffered judgment to go against him, and paid the judgment. A stranger to the record who alleged that he was the owner of the debt garnisheed, sued out a writ of error, claiming to be more directly interested in the action than the garnishee. In this Court the Plaintiff in Error moves to dismiss the writ, showing a payment of the judgment against him, and that he was satisfied with the judgment of the court below. *Held* that the garnishee cannot be forced into court as Plaintiff in Error against his consent by a stranger to the record, and the Writ was *dismissed*.

Points and authorities for Plaintiffs in Error:

*First.*—The motion to dismiss the writ of error must be denied. The fact that the judgment is satisfied of record affords no ground for a dismissal of the writ of error. The Statute provides for a complete restitution in this court of all rights lost by the erroneous judgment of the court below. *R. S. p.* 621, *Sec.* 8.

The payment in the case was not *voluntary*, but by virtue of the judgment of a court.

The Defendant in the original action has a right to prosecute the writ of error independant of the garnishee, who is a mere *stakeholder*, and must pay over the funds in his hands to the parties entitled to it. The judgment against the garnishee however erroneous, is a *bar* to any action brought by the Defendant, the court below having *jurisdiction* to render it, and the Defendant is *utterly remediless* unless he is permitted to prosecute this writ of error. *Drake on Attachments, Sec.* 691, 693, 697 *and* 706.

In the State of Iowa, under a garnishee Statute, similar to our own, the Defendant is allowed to show that the debt sought to be attached is not the subject of garnishment, as the wages of a laborer, or the fees or salary of a public officer. *Stockton vs. City of Burlington,* 4 *Green. (Ia.)* 84; *Wales vs. City of Muscatine,* 4 *Iowa* 302.

In this case the Defendant Caldwell is *actually a party to*

*the garnishee proceeding;* he appeared at the disclosure by counsel without objection, and had witnesses sworn in his behalf. *See case, folios* 21, 22 *and* 24.

*Second.*—The judgment of the Court below was erroneous and must be reversed upon the following grounds, viz :

1. It appears from the testimony that there are other parties than those before the court claiming the fund in controversy, in which case the garnishee must be discharged. *See case, folio* 28, *Pioneer Printing Company vs. Sanborn, decided at December Term of this Court,* 1859.

Equitable assignments are always protected in proceedings of this nature, whenever the garnishee has notice of such assignment in time to interpose it as a defence. *Drake on Attachments, Sec.* 602 ; *Same, Sec.* 640, *and cases cited.*

2. The indebtedness for which the garnishee is sought to be charged, accrued against him as an attorney at law, when services were performed and fees therefor due to the Sheriff of Ramsey county. In the absence of a special contract, an attorney is not liable for the fees of a Sheriff or other public officer. *Judson vs. Gray,* 1 *Kernan* (11 *N. Y.*) 408 ; *Chitty on Contracts,* 209 ; *Wires vs. Briggs,* 5 *Vt.* 101 ; *Sargent vs. Pettibone,* 1 *Aiken* (*Vt.*) 155 ; *Marn vs. Porter,* 13 *Serg. & Rawle,* 100 ; *Preston vs. Preston,* 1 *Douglas* (*Mich.*) 292.

The cases in New York holding a contrary doctrine, are alike opposed to principle and authority.

3. The salary or fees of a Sheriff or other public officer are not the subject of garnishment on grounds of public policy. *McMekin vs. State,* 4 *English* (*Ark.*) 553 ; *Buchanan vs. Alexander,* 4 *How. S. C. R.* 20 ; *Pioneer Printing Company vs. Sanborn et al.,* cited above, *Hawthorne vs. St. Louis,* 11 *Missouri* 59.

The cases cited above holding that the *salary* of a public officer is not the subject of garnishment cannot be distinguished upon principle from this case, when the services of a public officer are paid in *fees* by the parties requiring such services.

Points and authorities for Defendants in Error.

*First.*—This was a garnishee proceeding in which the Plain-

tiff in error and the Defendants in error were the only parties.

*Second.*—There was no dispute as between the said garnishee and the said Defendants as to by whom and to whom the alleged debt garnisheed was owing.

*Third.*—The said garnishee recognized his liability to the judgment debtor.

*Fourth.*—The disclosure shows that the claim garnisheed was a personal claim or indebtedness due the judgment debtor from the garnishee arising upon an account charged against him by the judgment debtor and recognized as an indebtedness by the garnishee.

*Fifth.*—The fact that said amount was for services of the judgment debtor as Sheriff rendered in certain suits wherein the garnishee was attorney does not relieve the garnishee from liability. *Adams vs. Hopkins*, 5 *Johns.* 253; *Trustees of Watertown vs. Cowen*, 5 *Paige* 510; 9 *John.* 114. The usage and Statutes of Minnesota in this respect are similar to those of New York.

*Sixth.*—All matters in controversy in this cause have been voluntarily settled and ended by the parties, the judgment having been paid and satisfied before the writ of error issued. *Babcock vs. Banning*, 3 *Minn.* 191; 1 *Penn.* 114.

GEO. L. & E. A. OTIS, Counsel for Plaintiffs in Error.

H. J. HORN, Counsel for Defendants in Error.

*By the Court*—EMMETT, C. J.   The writ of error in this case was in fact sued out by a stranger to the record, who claims that he is the owner of the debt or property garnisheed, and therefore more directly interested in the action than the garnishee himself.   On the other hand the Plaintiff in error comes forward and asks to dismiss the writ, insisting that as it was issued without his knowledge or consent, and he has already paid off and discharged the judgment sought to be reversed, it should not be further prosecuted.

The garnishee law, so called, as it existed at the time of commencing this proceeding, did not provide any means by which persons claiming an interest in the debt or property

sought to be reached by process of garnishment, could be made parties to the action.   It would be manifestly unjust therefore to conclude them by the judgment, otherwise they might be entirely at the mercy of the garnishee.

The garnishee is the only party Defendant, and he may admit his liability, and suffer a judgment to be recovered against him, if he sees proper, but as the rights of claimants other than the original judgment debtors are not prejudiced thereby, we do not think he can be forced into this court against his consent by one not a party to the record.

We will permit the Plaintiff in error to dismiss the writ.